IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
APR 27 2018
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael Thomas Curtis

Plaintiff,

Vs.                                              Case No. 17-3179

Western Illinois University, Western Illinois University
Office of Public Safety, Jack Thomas, President; Vice Provost
§§Jill Jolene Myers, Director, Kimberly Dodson,
Professor in the Law Enforcement and Justice Administration
Department, in their individual and Official Capacities.

Defendants.

### PLAINTIFF'S RESPONSE TO DENY DEFENDANTS' MOTION TO DISMISS

Plaintiff, Michael Thomas Curtis, *Pro Se*, submits his memorandum of law in opposition of Defendants' motion to dismiss, stating as follows:

1. Plaintiff, proceeding *Pro Se* filed a 20 page, 86 paragraph Complaint against Defendants on March 2, 2017 alleging gender discrimination, constructive discharge, and hostile work environment under Title VII and ancillary state law claims of negligent and intentional infliction of emotional distress, defamation and defamation *Per Se*. On May 24, 2017, prior to service of the aforementioned complaint, plaintiff filed a 23 page, 149 paragraph amended Complaint, restating prior claims and further alleging due process violations under 42 U.S.C. § 1983. Plaintiff is seeking monetary, equitable and injunctive relief.

2. Plaintiff brings each claim against all Defendants where individual and official capacities are appropriate and allowed by Law.
3. Each Claim should be substantiated as described below:
4. Title VII does apply to individual Defendants Daytner, Dodson, Morgan, Myers, Smith and Thomas.  State officials may be sued for damages in their *individual capacity* for violations of federal constitutional or statutory rights committed in the course of official duties but are entitled to claim qualified immunity. *Lizzi v. Alexander*, 255 F.3d 128, 137-38 (4th Cir. 2001).  Qualified immunity bars recovery insofar as the official's conduct "did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
5. Plaintiffs Title VII claims should not be dismissed.  Plaintiff has specifically and patently plead reverse discrimination, hostile work environment and constructive discharge.
6. Plaintiff is not seeking compensation pursuant to § 1983 claims, he as specifically averred in his Amended Complaint, under Count II, that he is seeking injunctive relief pursuant to Federal Law.
7. Plaintiff has averred with specificity a cause of action for procedural and substantive due process under § 1983.
8. Defendants are not entitled to public immunity when:  The doctrine of sovereign immunity "affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court." *Healy*, 133 Ill. 2d at 308 (quoting *Sass v. Kramer*, 72 Ill. 2d at 491)
9. Plaintiff has plead with specificity a cause of action for his federal claims and which would afford supplemental jurisdiction supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367.

10. Plaintiff claim of Intentional Infliction of emotional distress have been specifically plead and substantiated.
11. The fact that the Plaintiff was not specifically named in the Facebook posting does not defeat the Defamation p*er se* claim.  This statement was published to hundreds of friends on Facebook including current LEJA students and Graduate students who immediately knew the subject of the posting to be the Plaintiff and notified him of the posting.  The postings were way more than innuendo.  They were a direct and false accusation.
12. The Defamation *per quod* claims have been plead through extrinsic facts and circumstances and special damages.
13. Filed simultaneously and incorporated herein is a memorandum of law in support of Plaintiffs Motion to Deny Defendants Motion to Dismiss.

WHEREFORE, Plaintiff requests this honorable court to deny Defendant's motion to dismiss.  Additionally, Plaintiff respectfully requests leave of court to amend, Amended Complaint, which was amended prior to being served on Defendants, prior to any granting any dismissal.

Respectfully Submitted,

Michael T. Curtis, *Pro Se*
P.O. Box 613
Elkins, WV. 26241
412-721-4638
curtism@dewv.edu

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

Michael Thomas Curtis

Plaintiff,

Vs.                                                                 Case No. 17-3179

Western Illinois University, Western Illinois University
Office of Public Safety, Jack Thomas, President; Vice Provost
§§Jill Jolene Myers, Director, Kimberly Dodson,
Professor in the Law Enforcement and Justice Administration
Department, in their individual and Official Capacities.

Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, the foregoing document, Plaintiffs Response to Deny Defendants' Motion to Dismiss, was mailed, Via First Class Mail, in an envelope properly addressed and fully prepaid, to the following:

Anupama Paruchuri
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701

Respectfully Submitted,

Michael T. Curtis, *Pro Se*